WG2_Answer_CC.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ZIM AMERICAN INTEGRATED                           :     ECF CASE
SHIPPING SERVICES, INC.,                          :
                                                  :     07 CV 6908 (RJH)
                    Plaintiff,                    :
                                                  :     ANSWER WITH
                                                  :     COUNTERCLAIMS
          -against-                               :     IN ADMIRALTY
                                                  :
MONDIAL INTERNATIONAL, INC.                       :     (Jury Demand
                                                  :     as to Counterclaims)
                    Defendant.                    :
                                                  :
----------------------------------------------------------------x

      Carl E. Person, appearing on behalf of the Defendant, **Mondial International, Inc.** (hereinafter, "Mondial" or the "Defendant"), respectfully alleges as and for the Defendant's **Answer with Counterclaims in Admiralty** to the Plaintiff's Complaint:

      1.     ADMITS each of the allegations in ¶ 1 of the Complaint, but DENIES applicability of the allegations as to the Defendant's Counterclaims.

      2.     DENIES having information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 2 of the Complaint, except ADMITS that plaintiff Zim Integrated Shipping Services, Inc. ("Plaintiff" or "Zim") has a place of business at 5801 Lake Wright Drive, Norfolk, VA 23502.

      3.     ADMITS each of the allegations in ¶ 3 of the Complaint.

      4.     ADMITS each of the allegations in ¶ 4 of the Complaint, except DENIES that said paragraph contains all of the terms of the agreement between Plaintiff and Defendant. Among other things, said paragraph fails to describe the material requirement that the goods were not to be delivered or released to the consignee without the prior approval of the Defendant. No bills of

lading on any of these shipments were presented to, picked up by or otherwise provided to the Defendant to enable the Defendant to have authorized release of the shipped goods. This prior approval by the Defendant was required, as a material part of the agreement, to ensure that the consignee paid the Defendant for the merchandise before the merchandise was delivered by the Plaintiff to the consignee.

5.     ADMITS each of the allegations in ¶ 5 of the Complaint, but DENIES that the Plaintiff complied with the requirement or condition, in the agreement between Plaintiff and Defendant, of obtaining the Defendant's prior approval before the Plaintiff delivered any of the shipped goods to the consignee or its agents.

6.     DENIES each of the allegations in ¶ 6 of the Complaint.

7.     ADMITS the allegations in ¶ 7 of the Complaint that the Defendant has failed and refused and continues to fail and to refuse to remit the payment demanded by the Plaintiff, but DENIES that payment was "duly" demanded and DENIES FURTHER that the Plaintiff had fulfilled its obligations and was entitled to obtain payment.

8.     DENIES each of the allegations in ¶ 8 of the Complaint.

## DEFENSES

9.     Fantastic Management Corporation ("Fantastic") is affiliated with Mondial, as a corporation under common ownership and control, and Mondial was an undisclosed principal of Fantastic. Also, Fantastic was an agent of Mondial.

### First Defense - Failure to State a Claim

10.    The Plaintiff fails to state a claim upon which any relief may be granted.

### Second Defense - Material Breach of Contract

11. The Plaintiff failed to comply with the material provision in the agreement between Plaintiff and Mondial or Fantastic which required the Plaintiff to obtain the prior approval of Mondial or Fantastic before releasing any of the merchandise to the consignee or its agents.

### Third Defense - Material Breach of Implied Contract (Course of Dealing)

12. The Plaintiff failed to comply with the material provision in the implied contract (based on the course of dealing between the Plaintiff and Mondial or Fantastic) in which the Plaintiff was required to obtain prior authorization by Mondial or Fantastic before releasing any shipped goods to any consignee of Mondial or Fantastic.

### Fourth Defense - Negligence

13. The Plaintiff was negligent in its performance of its duties under the agreement between the Plaintiff and Mondial or Fantastic, by releasing the merchandise to the consignee of Mondial or Fantastic without first obtaining the authorization of either.

### Fifth Defense - Frustration of Defendant's Performance

14. The Plaintiff, by putting the Mondial and Fantastic on "booking block", caused them to cease their business activities and made the Defendant unable to perform under its contract with the Plaintiff.

### Sixth Defense – Bailee's Loss of Goods Subject to Bailment

15. The Plaintiff through its own error lost the merchandise which was entrusted to the Plaintiff under the laws of bailment.

## COUNTERCLAIMS

16. The Counterclaim Plaintiff (Mondial) is a Florida corporation with its principal place of business in Miami, Florida.

17. Fantastic Management Corporation ("Fantastic") is affiliated with Mondial, as a corporation under common ownership and control, and Mondial was an undisclosed principal of Fantastic. Also, Fantastic was an agent of Mondial.

18. The Counterclaim Defendant ("Zim") is a Delaware corporation with its principal place of business in Norfolk, Virginia.

19. There is independent jurisdiction over Mondial's counterclaims under the doctrine of supplemental, ancillary or pendent jurisdiction, as a claim that could be brought in the state courts. Also, 28 U.S.C. 1333(1).1 provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, **saving to suitors in all cases all other remedies to which they are otherwise entitled.** [Emphasis supplied.]

20. For about 2-1/2 years, Fantastic used the Plaintiff to transport merchandise to its various customers and after Fantastic was blocked Mondial used the Plaintiff to transport merchandise to various customers for a short period.

21. During these two periods, there developed a course of dealing in which Fantastic and then Mondial required Zim to obtain authorization from Fantastic or Mondial before delivering any merchandise to any of their consignees.

22. The procedure was the issuance of original bills of lading for the consigned merchandise to Fantastic (later Mondial), with Fantastic (later Mondial) then signing the bills of

lading (to authorize release of the shipped merchandise) and turning these bills of lading over to the consignee (after being paid for the merchandise by the consignee), and the consignee then presenting the bills of lading (with Fantastic's or Mondial's release) to Zim.

23.     Zim failed to follow this procedure as to various shipments by Fantastic and Mondial (the "Shipments"). Zim failed to obtain the prior authorization of Fantastic or Mondial to release the merchandise to their consignee.

24.     As a consequence, Mondial failed to collect about $20,000 in payments for the wrongfully delivered merchandise, which amount remains unpaid to this date.

25.     Zim advised Mondial (through Fantastic) that if Mondial and Fantastic did not pay the moneys that Zim claimed it was owed, Zim was going to place a "booking block" on Fantastic which would prevent Fantastic (and its undisclosed principal Mondial) from obtaining any additional business. Changing carriers was impractical for various reasons including routes, scheduling and prices.

26.     Fantastic notified Zim (through Zim's attorney) that a booking block would force Fantastic out of business.

27.     Thereafter, when Fantastic continued to refuse to pay Zim, Zim entered a booking block against Fantastic, which caused Fantastic to go out of business and for Mondial to not get paid aforesaid $20,000.

28.     Mondial suffered losses of about $20,000 from the date of such booking block to the present, with losses continuing, and Fantastic has now ceased its business as a result.

29.     Also, Mondial and Fantastic have suffered consequential damages that were reasonably foreseeable by Zim at the time that the shipping agreement was made, in a dollar amount which will be proven with certainty at the time of trial.

30. Zim is liable to Mondial for such $20,000 (continuing) and the consequential damages described in the preceding paragraph, together with prejudgment interest, as well as reasonable attorneys' fees, costs and disbursements.

31. Alternatively, attorneys' fees are not permitted under the agreement between Zim and Fantastic/Mondial because the agreement contemplates payment of attorneys' fees only if arbitration is used by Zim to sue for unpaid shipping charges.

### AS AND FOR A FIRST COUNTERCLAIM
(Breach of Contract and Implied Contract)

32. Fantastic repeats and realleges each of the allegations in ¶¶ 9-31 above, and further alleges that Zim is liable to Mondial for breach of contract.

### AS AND FOR A SECOND COUNTERCLAIM
(Negligence)

33. Fantastic repeats and realleges each of the allegations in ¶¶ 9-32 above, and further alleges that Zim is liable to Mondial for negligence.

34. Zim, as a common carrier, had a duty to Mondial to obey Mondial (or Mondial agent Fantastic's instructions) to require Mondial's or Fantastic's approval before releasing any merchandise to any of their consignees or agents, and Zim was negligent in its duty by failing to obtain such authorization from Fantastic or Mondial before releasing the merchandise to their consignee or its agents.

35. Mondial was injured as a consequence.

### AS AND FOR A THIRD COUNTERCLAIM
(Bailee's Liability to Bailor for Loss of Goods)

36. Mondial repeats and realleges each of the allegations in ¶¶ 9-35 above, and further alleges that Zim is liable to Mondial under the doctrine of a bailee's liability to the bailor for loss of goods.

37. Mondial was the undislosed bailor as to the merchandise involvement in the Shipments.

38. Zim was a bailee as to the merchandise involvement in the Shipments.

39. Zim through its own fault and not with existence of any "force majeure" lost possession of the merchandise and was unable to deliver it to Fantastic or Mondial or any persons authorized by Fantastic or Mondial to take delivery or possession of the merchandise.

40. Zim is liable to Mondial for the value of the goods under the laws of Bailment.

41. Mondial was injured by the activities of Zim, as alleged.

WHEREFORE, the Defendant Mondial prays:

1. For judgment dismissing the Plaintiff's claim in its entirety.

2. For judgment in the amount of $20,000 (continuing) and the Defendant's consequential damages, together with interest thereon from the respective dates due, costs, disbursements, and (as alternative pleading) reasonable attorneys' fees.

3. That the Defendant have such other and further relief in the premises as in law and justice it may be entitled to receive.

### Jury Demand as to Defendant's Counterclaims

Defendant hereby demands a trial by jury as to the Counterclaims of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        August 22, 2007

*[signature: Carl E. Person]*

Carl E. Person  (CP 7637)
Attorney for the Defendant,
    Mondial International, Inc.
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZIM AMERICAN INTEGRATED                   :        ECF CASE
SHIPPING SERVICES, INC.,                  :
                                          :        07 CV 6908 (RJH)
                                          :
              Plaintiff,                  :        PROOF OF SERVICE
                                          :
       -against-                          :
                                          :
MONDIAL INTERNATIONAL, INC.               :
                                          :
              Defendant.                  :
                                          :
------------------------------------------------------------------X

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on August 22, 2007, I served a true copy of the foregoing

### ANSWER IN ADMIRALTY WITH COUNTERCLAIMS

dated August 22, 2007, on the attorneys for the Plaintiff, *Zim American Integrated Shipping Services, Inc.*, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

> Albert J. Avallone, Esq.
> Law Offices of Albert J. Avallone & Associates
> 551 Fifth Avenue - Suite 1625
> New York NY  10176

Dated: New York, New York
       August 22, 2007

                              By _____
                                    Carl E. Person (CP 7637)

9